In this case the plaintiff, a former civilian security guard with the Navy, challenges the termination of his employment for theft of government property. The Federal Employee Appeals Authority ("Appeals Authority”) upheld the plaintiffs discharge, and the Appeals Review Board of the Civil Service Commission in a reasoned decision declined to reopen the case. Both parties have moved for summary judgment, and we heard oral argument. We hold for the defendant and dismiss the petition.
The plaintiff was discharged for theft of government property (cartons of milk and some food) which was found in his possession in the cafeteria building at the installation where he worked. The Appeals Authority found that the plaintiff had entered the cafeteria improperly and rejected his explanation that he had entered the building to apprehend an intruder there. The Appeals Authority also rejected the plaintiffs claim that he had purchased the milk elsewhere.
Before us the plaintiffs principal contention is that although the notice of proposed removal served upon him charged him with theft of government property, he was in fact discharged for the different offense of breaking into and entering the cafeteria building. The Appeals Review Board fully considered and rejected this contention. The Board pointed out that the Appeals Authority’s decision upholding the plaintiffs discharge repeatedly referred to the "charge of 'theft of Government property’” and the evidence supporting that charge, and upheld the plaintiffs removal "as based on the sustained reason,” namely, theft of government property.
*787 The Appeals Authority’s further determination that the plaintiff had entered the government cafeteria improperly, although not the basis for sustaining the plaintiffs discharge, was pertinent in determining whether the plaintiff had stolen the government’s property. The plaintiffs improper presence in the cafeteria supported the finding that he took the property illegally rather than, as he claimed, obtained it legitimately through an earlier purchase.
The plaintiff also raises various procedural objections to the removal proceedings and contends that the findings are unsupported by substantial evidence. Both the Appeals Authority and the Appeals Review Board fully dealt with those arguments and gave adequate reasons for rejecting them.
Under the limited scope of our review authority in civilian pay cases, we can overturn the administrative decision only if we conclude that it is not in accordance with the law, is arbitrary or capricious, or is unsupported by substantial evidence. Wathen v. United States, 208 Ct. Cl. 342, 351, 527 F.2d 1191, 1197 (1975), cert. denied, 429 U.S. 821 (1976). We cannot conclude that in discharging the plaintiff the agency violated those standards.
The plaintiffs motion for summary judgment is denied, the defendant’s motion for summary judgment is granted, and the petition is dismissed.